# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY W. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-300-SEP ) |
| UNKNOWN NURSE, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Jeffrey W. Taylor, an inmate at the Cole County Jail, to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss Plaintiff's claims against Defendant Unknown Nurse.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his application for leave to proceed without prepaying fees or costs, Plaintiff does not provide a copy of his prison account statement, but he states that he is unemployed and has no income or other assets. Based on this information, the Court finds Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable under the circumstances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v.*

*Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against an unknown nurse at Phelps County Jail who administered plaintiff Zantac twice a day for his chronic acid reflux disease.[1] Plaintiff's statement of the claim states, in full:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

1. I take [z]antac for chronic acid reflux and it was recalled 6 or 7 months ago.
2. Twice daily
3. Phelps County federal hold
4. None that I know of: except some nights I still puke hot lava.

---

[1] Although Plaintiff is now an inmate at Cole County Jail, at all times relevant to the complaint he was an inmate at Phelps County Jail.

5. She still gives it to us, the guards says we will be getting some other pill but still nothing.  And I do need it.

For relief, Plaintiff states only that he seeks "cash—they would not pull the drug unless the drug was a problem (stomach cancer)."

## Discussion

The PLRA provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."); *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury).  "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."  *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).  An inmate's injury must be more that *de minimis* to state an Eighth Amendment violation.  *Id.*

Plaintiff has not alleged that he suffered any injury as a result of taking Zantac.  He has alleged no physical, mental, or emotional injury suffered while in the custody of the Phelps County Jail.  He does not allege that he suffers stomach cancer—only that he believes Zantac has been recalled because of the possibility that it might increase the risk of patients developing stomach cancer.  Additionally, Plaintiff has not alleged any damages arising out of his use of Zantac.  He seeks relief of an unspecified amount of "cash" based on his speculation that "they would not pull the drug unless the drug was a problem (stomach cancer)."

Because Plaintiff's complaint does not meet the PLRA's physical injury requirement, it must be dismissed.  *See McAdoo*, 899 F.3d at 525; *see, e.g., Marcum v. Tallant*, No. 4:19-CV-4106, 2019 WL 4396144, *4 (W.D. Ark. Sept. 13, 2019) (finding no physical injury under PLRA where prisoner alleged "as a result of standing in ankle deep water for hours he was scared he was going to drown, and he was put 'at risk of catching any kind of diseases'"); *Upchurch v. Tillman*, No. 4:19-CV-223-JCH, 2019 WL 2357373, *2 (E.D. Mo. Jun. 4, 2019) (finding the PLRA bars recovery for plaintiff's mental anguish); *Kincade v. Holder*, No. 1:18-CV-285-CDP, 2019 WL 541020, *2 (E.D. Mo. Feb. 11, 2019) (same).

For this reason, having liberally construed the complaint, the Court concludes that Plaintiff's allegations fail to state a claim upon which relief may be granted against Defendant. The Court will therefore dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees or costs (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against defendant Unknown Nurse are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. [3]) is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of July, 2020.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE